2013 WL 10876132 (Ga.State Ct.) (Trial Order)
Georgia State Court.
Cobb County

STATE of Georgia,
v.
Amy Elizabeth BARNES, Defendant.

No. 12-M-3361.
April 26, 2013.

**Order**

Annette Pedigo, Esq., Solicitor's Office.

Cynthia Counts, Esq., Counts Law Group, 400 Colony Square, Suite 200, 1201 Peachtree Street NE, Atlanta, GA 30361.

Melodie H. Clayton, Judge.

**\*1** Defendant Amy Elizabeth Barnes ("the Defendant") was arrested and charged with disorderly conduct under O.C.G.A. § 16-11-39(a)(4) after she yelled "f\*ck the police" and "police su\*k" within earshot of two on-duty Cobb County Police Department officers and other bystanders who remain unidentified.

On November 27, 2012, the Defendant filed a Motion to Dismiss on the grounds that her arrest and subsequent charges under the Georgia and Cobb County disorderly conduct laws violated her right to free speech under the First Amendment.

On April 3, 2013, prior to the Defendant's bench trial, the State voluntarily dismissed all of the charges except for Count Three of the amended accusation, which alleged disorderly conduct under O.C.G.A. § 16-11-39(a)(4). With the consent of all parties, a bench trial was conducted, and by further consent of the parties, the above-referenced Motion to Dismiss was reserved until the close of the State's evidence.

### STATEMENTS OF FACT

At trial, the testimony and evidence showed that on Easter Sunday, April 8, 2012, at approximately 6:55 p.m., Cobb County Police Department officers Brian Scurr and Dipa Patel were questioning a man outside the Stop and Shop convenience store at 2097 Austell Road SW, near Marietta, Georgia, about a possible theft or burglary, and/or loitering.

Officers Patel and Scurr determined that the individual had just been released from the Cobb County jail, and was at the location to use the public phone to call someone to secure a ride home. At about that time, the Defendant, riding her bicycle on a public sidewalk, raised her middle finger and made statements including, "f\*ck the police" and "police su\*k," or, as one officer testified, "Cobb Police su\*k." The State's witnesses conceded that the Defendant was at all times on a public sidewalk and at least 10 to 20 feet away from the officers. She never sought to incite anyone else to action against the police, and she never approached the police officers. Instead, she continued past the scene without incident and never stopped riding her bike until she was stopped and arrested a few minutes later.

The evidence at trial showed that there were a few bystanders at the time of the Defendant's statements. However, there was no evidence presented that any bystanders heard the statements, and both police officers testified that no disruption

occurred and no one at the scene became agitated or reacted with hostility towards the Defendant or the police officers. Further, the video evidence did not capture any clear images of the bystanders at the crosswalk. Officer Scurr testified that at the time the statements were made, there were several children at the corner up ahead of the Defendant. He estimated that they were about 25 feet ahead of the Defendant at the time of the first statement and about 10 feet at the time of the second statement. At no time did the officers talk to the children to determine what age they were or what they had heard.

Within a matter of seconds of the Defendant's statements, Officer Scurr made the decision to arrest her. In fact, the video shows that one of the officers stated that the Defendant was going to jail even before he got in his car to chase her and stop her. Both officers then left the suspect they were questioning and any bystanders, to stop and arrest the Defendant, who had continued riding her bicycle.

 *2  The State proceeded to trial on one count of disorderly conduct under O.C.G.A. § 16-11-39(a)(4), which bars "without provocation, us[ing] obscene and vulgar and profane language in the presence of a person under the age of 14 years which threatens an immediate breach of the peace."

### CONCLUSIONS OF LAW

When the Georgia Legislature included the limiting language "threatens an immediate breach of the peace," in O.C.G.A. § 16-11-39(a)(4), it allowed the statute to survive constitutional scrutiny. *See Gooding v. Wilson*, 405 U.S. 518, 524 (1972) (holding prior version of Georgia's disorderly conduct statute unconstitutional because Georgia courts had applied it to statements beyond "fighting words"). However, unless the Defendant's use of the words "f*ck the police" and "police su*k" and general conduct as she rode by the officers constituted "fighting words," any application of O.C.G.A. § 16-11-39(a)(4) to the Defendant's conduct would unconstitutionally abridge her First Amendment rights.

Because offensive language alone cannot be deemed to be "fighting words", this Court heard evidence not only of the words used, but also "the circumstances and context in which they were said." *Turner v. State*, 274 Ga. App. 731, 732 (2005) (quoting *Lundgren v. State*, 238 Ga. App. 425, 427 (1999)). After hearing the evidence, it is clear that the circumstances and context of this case are substantially similar to those in *Turner v. State*, wherein the court reversed the conviction of a defendant who yelled "you bastards" while driving past two police officers executing a traffic stop. *Id.* In that case, the court held that the defendant's language, placed in context of the situation, did not constitute "fighting words." *Id.* In so holding, the court noted that Turner's statement may have been "obscene, vulgar, and profane," but because the defendant "was not engaged in a face-to-face confrontation with the officer tending to incite an immediate breach of the peace when the words were spoken," the defendant's statements did not constitute "fighting words." *Id.*

Here, the evidence at trial showed that the Defendant was not engaged in a face-to-face confrontation with the officers which tended to incite an immediate breach of the peace when the words were spoken. In addition, the word "su*k", used as an epithet, is now common enough in modern society that it cannot reasonably provoke a threat of violence. The Defendant's other statement, "f*ck the police," was a fleeting epithet that was insulting and inappropriate, but it did not create an immediate threat and danger of violence.

The Defendant's statements, although offensive to this Court, clearly constitute political speech and not a direct and threatening personal confrontation with the officers or any other individuals present. "If there is a bedrock principle underlying the First Amendment, it is that government may not prohibit the expression of an idea simply because society finds the idea itself offensive or disagreeable." *Texas v. Johnson*, 491 U.S. 397, 414 (1989). Her words were insulting, but as a matter of well-established constitutional law, they did not constitute "fighting words."

The State argues that children under the age 14 were in the crosswalk and could hear the Defendant's comments. The evidence presented was inconclusive, but regardless it is irrelevant to the Court's analysis because the mere presence of

children does not transform the Defendant's statements into "fighting words." *In re L.E.N.*, 299 Ga. App. 133 (2009) (finding a student's profane statement shouted to a teacher in a crowded lunchroom did not constitute the type of language prohibited by O.C.G. A. § 16-11-39 because the statement did not constitute fighting words and that even being "rude, disrespectful, or angry in conjunction with the use of profanity or an angry statement is not sufficient to support a charge of disorderly conduct."). "State law no longer criminalizes the use of unprovoked language threatening an immediate breach of peace, which is obscene, vulgar, or profane, that is directed to a person older than 14 years of age, unless such language also constitutes 'fighting words.' " *Id.* at 135 (quoting *Lundgren v. State*, 238 Ga. App. 425, 427 (1999)).

**\*3**  Since the Defendant's remarks do not constitute "fighting words," there can be no violation of Georgia's disorderly conduct statute as a matter of law, and the charges must be dismissed.

SO ORDERED, this 20th day of *April*, 2013.

<<signature>>

The Honorable Judge Melodie H. Clayton

State Court of Cobb County

Presented by Counsel for the Defendant

Modified by the Court

---

**End of Document**  © 2017 Thomson Reuters. No claim to original U.S. Government Works.